230     APPELLATE COURTS OF ILLINOIS.

Kavooras v. The Royal Ins. Co. of Liverpool, 167 Ill. App. 230.

## Spiros Kavooras, Appellee, v. The Royal Insurance Company of Liverpool, Appellant.

## Gen. No. 16,104.

INSURANCE—*what does not waive forfeiture.* Demanding a sworn examination of the insured does not waive a forfeiture effected by the conduct of the assured in swearing falsely to proofs of loss.

Assumpsit. Appeal from the Superior Court of Cook county; the HON. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of fact. Opinion filed February 6, 1912.

MUSGRAVE & LEE, for appellant.

SYMMES & KIRKLAND, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

This suit was brought upon two insurance policies covering the same property as that involved in a suit which has been considered on appeal by this court, entitled Spiros Kavooras v. The Insurance Company of the State of Illinois, general number 16103. That case was tried before the court and a jury; the present case was tried before the court without a jury. The facts of this case are stated in the opinion filed this day in that case. (*Ante*, p. 220.)

In the present proceeding, namely that against the Royal Insurance Company of Liverpool, it is argued by the appellee that there was a waiver of the forfeiture by the Royal Insurance Company. This waiver, as alleged, was occasioned by a demand for a sworn examination. It is true this demand was made after the proofs of loss were submitted and after the adjusters for the Insurance Company had become aware of the inventory taken directly after the first fire and

a few days prior to the occurrence of the second fire. We do not think, however, that this can be regarded as a waiver of the condition of the policy with reference to the false statements. Before the second fire occurred, and after the inventory was made, it appears from the record that the insured bought a considerable amount of goods, the exact amount not being known. The charge is also made, as stated in the opinion in the case against the Insurance Company of the State of Illinois, that the appellee made false statements at the trial, and we agree with the appellant in this contention.

For the reasons stated in Kavooras v. The Insurance Company of the State of Illinois, *supra,* and those given in this opinion, the judgment will be reversed without remanding, and a judgment entered here on a finding of fact.

*Judgment reversed with finding of fact.*